**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**CIVIL ACTION**
**NO: 07-343T**

**SENESCO MARINE, LLC,**
**Plaintiff,**

**VS.**

**HUNT MARINE I, LLC,**
**Defendant,**

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Now comes the defendant, Hunt Marine I, LLC, in the above-entitled action, by and through its undersigned counsel, and answer the allegations contained in Plaintiff's Complaint as follows.

### Parties

1. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph one and, therefore, denies same.

2. The defendant admits the allegations contained in paragraph two.

### Jurisdiction and Venue

3. The allegations contained in paragraph three are statements of law to which no answer is required of this defendant. To the extent that an answer is required, the defendant denies same.

4. The allegations contained in paragraph four are

statements of law to which no answer is required of this defendant. To the extent that an answer is required, the defendant denies same.

Facts

5. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph five and, therefore, denies same.

6. The defendant admits the allegations contained in paragraph six.

7. The defendant admits that in 2000 Hunt Marine began docking the TUG CHARLENE HUNT and TUG PATRICK J. HUNT at Senesco’s Carrier Pier. Defendant also admits that in March, 2007, it began paying Senesco on a monthly basis for dockage of the TUGS CHARLENE HUNT and PATRICK J. HUNT to the Carrier Pier. Defendant denies the remainder of the allegations contained in paragraph seven.

COUNT ONE

(Maritime Tort)

8. Defendant realleges and reaffirms its responses to the allegations contained in paragraphs one through seven, inclusive, as though fully set forth herein.

9. The defendant denies the allegations contained in paragraph nine.

10. The defendant denies the allegations contained in paragraph ten.

11. The defendant denies the allegations contained in paragraph eleven.

12. The defendant denies the allegations contained in paragraph twelve.

**WHEREFORE,** the defendant prays that this Honorable Court dismiss with prejudice the Plaintiff's Complaint together with costs and reasonable attorneys' fees.

## AFFIRMATIVE DEFENSES

Now comes the defendant and incorporate the following Affirmative Defenses into each Count of its Answer as more fully appears below.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that the plaintiff's claim is barred by the doctrine of laches.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that the plaintiff has failed to mitigate its damages.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that if the plaintiff sustained damage as alleged, which is specifically denied, said damages

resulted in whole or in part from its own negligence and not due to any negligence or fault on the part of the defendant, or any person for whom the defendant is legally responsible for.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that he is not responsible for the plaintiff’s damages sustained to its piers.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that if the plaintiff sustained damage as alleged, which is specifically denied, said damages resulted in whole or in part from an Act of God or a condition not created by the defendant, his employees, servants or agents.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that if the plaintiff sustained damage as alleged, which is specifically denied, said damages resulted in whole or in part from the acts and/or omissions of a person or persons over whom the defendant had no control and for whom the defendant is not legally responsible for.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that if the plaintiff was injured as alleged, which is specifically denied, such injury was without fault, knowledge or privity of the defendant; and

that the damaged claimed herein exceeds the value of the vessels, including its pending cargo; and the defendant herewith claim benefit of any and all laws and statutes of the United States of America, or and concerning limitation of liability of the defendant, 46 U.S.C.S. Appx. §183(b).

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that if liability is found in favor of the plaintiff, which is specifically denied, then the damages sustained must be reduced proportionally by the degree of negligence on the part of plaintiff and defendant pursuant to the General Maritime Law.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that even if, by reason of the matters set forth in the Complaint, plaintiff was damaged, as alleged by plaintiff and denied by defendant, the said pier was enabled to withstand ordinary harbor contacts and its owners or operators knew, or should have known, the condition at the pier and they assumed the risk of damage.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that a Judgment may be entered against this defendant for damages must be limited to an amount proportionate with that degree of fault attributable to this defendant, if any, as oppose to fault attributed to

plaintiff and others.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that the damage to the plaintiff, if any, was due to the failure to provide a safe berth and not due to any fault on the part of defendant.

**WHEREFORE**, the defendant prays that this Honorable Court dismiss Plaintiff's Complaint together with costs and reasonable attorneys' fees.

**COUNTERCLAIM AGAINST PLAINTIFF SENESCO MARINE, LLC.**

Now comes the Defendant Hunt Marine I, LLC, by its attorney, and submits its Counterclaim against Plaintiff Senesco Marine, LLC., pursuant to Rule 13 of the Federal Rules of Civil Procedure.

PARTIES

1. Defendant/Counter-Plaintiff Hunt Marine I, LLC (hereinafter referred to as "Hunt Marine" is a Rhode Island Limited Liability Corporation with a principal place of business at 25 Burnside Avenue, Narragansett, Rhode Island 02882. At all times material hereto, Hunt Marine was the owner/operator of the Tug CHARLENE HUNT (O.N. 287456) and the Tug PATRICK J. HUNT (O.N. 600990).

2. Defendant/Counter-Defendant Senesco Marine, LLC (hereinafter referred to as "Senesco") is a Delaware limited liability corporation with a principal place of business, upon information and belief, at 1983 Richmond Terrace, Staten Island, New York 10302. At all times material hereto, Senesco was also, upon information and belief, the lessee and in control of a pier at the property located at 10 McNaught Street, North Kingstown, Rhode Island.

3. This counterclaim is properly before this Court pursuant to Rule 13(a) of the Federal Rules of Civil Procedure as it arises out of the same occurrence that is the subject matter of the Plaintiff/Counter-Defendant's claim.

FACTS

4. Hunt Marine entered into a lease of dock space with Senesco in order to dock the Tug CHARLENE HUNT and the Tug PATRICK J. HUNT at the Senesco facility at 10 McNaught Street, North Kingstown, Rhode Island.

5. On or about April 15, 2007, Kevin Hunt, the Manager of Hunt Marine conferred with the Superintendent of Senesco responsible for the Pier and another employee of Senesco concerning the weather forecast.

6. Hunt Marine was advised that as a result of the weather forecast there would be two Senesco employees on the pier watching the pier and the equipment.
7. At the time, on April 15, 2007, there were two tugs that were, upon information and belief, owned by Senesco or its parent corporation, two barges, and the Tug CHARLENE HUNT and the Tug PATRICK J. HUNT berthed at the pier.
8. At approximately 0200 hours on April 16, 2007, Kevin Hunt again contacted the Senesco workers at the pier and was advised that everything was okay, that they "had it covered" and advised that there was no need for Mr. Hunt or any Hunt Marine employees to come down to the vessels.
9. Sometime after 0200 hours on April 16, 2007, the tug CHARLENE HUNT and the tug PATRICK J. HUNT broke loose from their berth and sustained damage.
10. The tug CHARLENE HUNT sustained damage in excess of $200,000.
11. The tug PATRICK J. HUNT sustained damage in excess of $800,000.
12. In addition, Hunt Marine sustained damages, including but not limited to, loss of charterhire, wages for its

13. crew to man the vessel, expenses to repair the vessels and other damages to be determined.

COUNT I – NEGLIGENCE

14. Hunt Marine realleges and reaffirms its allegations contained in Paragraphs 1 through 12, inclusive, as though fully set forth herein.

15. As a result of the negligence and failure to exercise reasonable care on the part of Senesco, Hunt Marine was caused to sustain damages in the approximate amount of $1,200,000.

**WHEREFORE,** Hunt Marine respectfully damands judgment in its favor and against Senesco, together with costs and a reasonable attorney fee.

COUNT II – BREACH OF CONTRACT

16. Hunt Marine realleges and reaffirms its allegations contained in Paragraphs 1 through 14, inclusive, as though fully set forth herein.

17. Hunt Marine entered into a contract with Senesco for the berth of the tug CHARLENE HUNT and the tug PATRICK J. HUNT.

18. Hunt Marine complied with all conditions to that contract.

19. As a result of Senesco's breach of contract, Hunt Marine sustained damages in an amount in excess of $1,200,000.

**WHEREFORE,** Hunt Marine respectfully damands judgment in its favor and against Senesco, together with costs and a reasonable attorney fee.

COUNT III – BREACH OF WARRANTY OF SAFE BERTH

20. Hunt Marine realleges and reaffirms its allegations contained in Paragraphs 1 through 18, inclusive, as though fully set forth herein.

21. As a result of Senesco's breach of warranty of safe berth, Hunt Marine sustained damages in an amount in excess of $1,200,000.

**WHEREFORE,** Hunt Marine respectfully damands judgment in its favor and against Senesco, together with costs and a reasonable attorney fee.

COUNT IV – BREACH OF WARRANTY OF WORKMANLIKE SERVICE

22. Hunt Marine realleges and reaffirms its allegations contained in Paragraphs 1 through 20, inclusive, as though fully set forth herein.

23. As a result of Senesco's breach of warranty of workmanlike service, Hunt Marine sustained damages in an amount in excess of $1,200,000.

**WHEREFORE,** Hunt Marine respectfully damands judgment in its favor and against Senesco, together with costs and a reasonable attorney fee.

COUNT V – ESTOPPEL

24. Hunt Marine realleges and reaffirms its allegations contained in Paragraphs 1 through 22, inclusive, as though fully set forth herein.

25. Hunt Marine relied upon Senesco's representation that they had the situation under control and there was no need for Hunt Marine or any of its employees to come down to the piers to assist with the vessels.

26. Hunt Marine relied, in good faith, upon the representations to its detriment.

27. Senesco knew or should have known that Hunt Marine would rely upon the representation.

28. As a result of Hunt Marine's reliance on the representations of Senesco, it sustained damages in an amount in excess of $1,200,000.

**WHEREFORE,** Hunt Marine respectfully damands judgment in its favor and against Senesco, together with costs and a reasonable attorney fee.

By its attorneys,

**CLINTON & MUZYKA, P.C.**

**_"/S/Robert E. Collins"_**

**Robert E. Collins**
**BBO NO: 2951**
One Washington Mall
Suite 1400
Boston, MA 02108
(617) 723-9165

Dated: November 14, 2007