UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

-------------------------------------X
Senesco Marine, LLC,

Plaintiff, C.A. No. 07-343T

-against-

Hunt Marine I, LLC,

Defendant.

-------------------------------------X

**AFFIDAVIT OF GINO A. ZONGHETTI**

State of New York )
ss.:
New York County )

Gino A. Zonghetti, being duly sworn, deposes and says:

1. I represent defendant/counterclaim plaintiff Senesco Marine, LLC ("Senesco") in this matter, having been duly admitted *pro hac vice* by the Honorable Court. This Affidavit is submitted in support of Senesco's motion pursuant to Federal Rules of Civil Procedure 37(d) and 37(b)(2)(A)(B) &(C) seeking an order striking defendant Hunt Marine I, LLC's ("Hunt") Answer and dismissing Hunt's counterclaim as a result of the failure of Kevin Hunt, Hunt's principal, to appear for his duly noticed deposition in this matter, and for an order requiring Kevin Hunt to pay costs and attorneys' fees caused by his failure to appear for his deposition.

This Affidavit is also submitted in support of Senesco's motion seeking an order holding non-party witness Kevin Clarke in contempt of Court as a result of his refusal to comply with a subpoena served upon him by Senesco seeking the production of documents and the deposition of Mr. Clarke.

2. This law suit in which Senesco seeks to recover significant damages to a pier it leases from Quonset Point Development Corporation as a result of negligence on the part of Hunt in docking and mooring two tug boats to the pier on April 15th and 16th, 2007 was commenced by the filing of a complaint on September 11, 2007 and (See ECF Document # 1). On November 14, 2007 Hunt Answered and Counterclaimed against Senesco (ECF Document # 4). Hunt asserted the two tug boats were damaged by Senesco's pier and claimed $1,200,000 in damages from Senesco.

3. On January 8, 2008, a Fed.R.Civ.P. 16 Conference was conducted before the Court. An order was issued requiring in pertinent part all fact discovery to be completed by May 31, 2008 and all discovery to be completed by July 31, 2008 (EFC Document # 9).

4. On January 9, 2008 Senesco served upon Hunt a notice to produce documents (Exhibit 1).

5. On January 24, 2008 an order was issued by the Honorable Robert W. Lovegreen, United States Magistrate Judge, scheduling a settlement conference for March 25, 2008 (ECF Document #10).

6. On January 30, 2008 Senesco served upon Hunt a Notice of Deposition for the deposition of Hunt's principal, Kevin Hunt, to be conducted on March 13, 2008 (Exhibit 2). Senesco sought to depose Mr. Hunt prior to the March 25, 2008 settlement conference so that the conference would prove meaningful.

7. Having not received a response to Senesco's notice to produce, or a subpoena *duces tecum* that was served by Senesco upon Ace Insurance Company, an underwriter subrogated to Hunt's counterclaim against Senesco, the undersigned Affiant wrote counsel for Hunt on February 26, 2008 inquiring about the status of the Ace Insurance Company documents, as well as Hunt's responses to the notice to produce (Exhibit 3). Counsel for Hunt indicated he would have a response the following week (*Ibid*).

8. Hunt responded to Senesco's notice to produce on or about March 10, 2008. However, Hunt failed to produce fully responsive documentation. In particular, Hunt failed to produce complete log books for

the tug boats allegedly damaged by Senesco's pier. As a result, the undersigned Affiant wrote counsel for Hunt on March 12, 2008 in advance of the scheduled deposition of March 13th and inquired as to the status of the log books (Exhibit 4). Counsel for Hunt indicated that although he had been informed by his client all of the log books had been produced "...it certainly does not look that way" and suggested adjourning the deposition scheduled for March 13th so counsel could "get to the bottom" of the missing documents (*Ibid*). While counsel for Hunt suggested adjourning the deposition until after the date of the settlement conference, i.e. March 25th, and also seeking to have the settlement conference adjourned, the undersigned Affiant requested that the deposition of Kevin Hunt take place before the settlement conference, on March 20th (*Id*).

9. On March 13, 2008, counsel for Hunt responded that Kevin Hunt's deposition would have to be adjourned until sometime after March 26, 2008 because Mr. Hunt informed him he would be on vacation from March 19th through March 25, 2008. Counsel indicated he would contact Magistrate Judge Lovegreen to seek an adjournment of the settlement conference since the deposition would not go forward and Hunt's documents had not been fully produced (Exhibit 5). Counsel for Hunt thereafter contacted Magistrate Judge Lovegreen, who denied a request to adjourn the settlement conference.

10. On March 24, 2008 at 5:00 p.m. counsel for Hunt emailed the undersigned Affiant stating he had contacted Magistrate Lovegreen's chambers and received permission for Ace Insurance Company's claims adjuster handling this matter not to attend the settlement conference because he was busy (Exhibit 6).

11. The settlement conference took place on March 25, 2008. No representative of Hunt appeared at the conference, while a representative of Senesco and a representative of Senesco's underwriter defending against the counterclaim of Hunt, The Traveler's appeared.

At the conference, the Magistrate Judge indicated that the parties needed to push ahead and complete discovery since no adjournments would be granted. As will be more fully discussed herein, it was raised at the conference that non-party Kevin Clarke, a marine surveyor engaged by Ace Insurance Company following the damage to Senesco's pier, who had surveyed Hunt's tug boats, as well as Senesco's pier, had not responded to a subpoena to produce his file and appear at a deposition. The Magistrate Judge indicated he had conferred with counsel for Hunt who had agreed to be in touch with Mr. Clarke concerning his obligations to comply with the subpoena.

12. Following the settlement conference the undersigned Affiant telephoned counsel for Hunt in an attempt to set up a new deposition date for Kevin Hunt and to set up a date for Kevin Clarke's deposition and document production. Counsel for Hunt emailed the undersigned on March 29, 2008 concerning possible available dates for Kevin Hunt's deposition, and also stating "... I talked to Kevin Clarke and he will show up and produce documents. I will try to get them to you beforehand" (Exhibit 7).

13. On Thursday, April 3, 2008 the undersigned Affiant wrote counsel for Hunt stating "[p]lease let me know if the depositions can go forward next Thursday. I really need to get moving on these ..." (Exhibit 8). The deposition of Kevin Hunt was scheduled for Thursday, April 10, 2008 (*Ibid*). Counsel for Hunt indicated he would attempt to schedule the deposition of Mr. Clarke for that same day. Later, counsel for Hunt informed the undersigned Mr. Clarke would not appear for his deposition on April 10th because he was "busy."

14. On April 10, 2008, at about 8:50 a.m. counsel for Hunt telephoned the law office of Finan & Grouke, counsel for Senesco, stating he was canceling Mr. Hunt's deposition scheduled for 10:30 a.m. that day (Exhibit 9). Upon receiving a relayed message from Finan & Grouke, while traveling to Providence, Rhode Island aboard an Amtrak train for the

scheduled deposition, the undersigned contacted counsel for Hunt at about 9:00 a.m. by telephone. Counsel stated that Kevin Hunt had undergone surgery on his finger on Wednesday, April 9th and that when he spoke with Mr. Hunt earlier on the morning of April 10th he sounded "groggy," and was taking medication, and could not testify at his deposition. Later that morning the undersigned telephoned counsel for Hunt from the Pawtucket, Rhode Island law firm of Finan & Grouke, where the deposition of Kevin Hunt had been scheduled to take place. A representative of Senesco, Gayle Corrigan, was present in order to attend the deposition. During this telephone call it was agreed Mr. Hunt would appear for his deposition on Monday, April 14, 2008 at 10:30 a.m. Counsel for Hunt stated he would attempt to reach Mr. Clarke by telephone to appear for his deposition on April 14, 2008 at 3:00 p.m.

15. On April 14, 2008, the undersigned again traveled to Pawtucket, Rhode Island by train for the deposition of Mr. Hunt and Mr. Clarke. Counsel for Mr. Hunt arrived just prior to the scheduled 10:30 a.m. deposition and, again, Senesco's representative, Gayle Corrigan was present. Counsel for Hunt stated that Mr. Clarke would not be appearing and he had failed to return telephone calls that were placed by counsel for the purpose of scheduling his deposition that day. Kevin Hunt failed to appear for his deposition. As reflected in Exhibit 10, a transcript of the proceeding of April

14, 2008, counsel for Hunt telephoned Kevin Hunt from the deposition inquiring about his lack of presence, but the telephone calls were ignored. No excuse was given for Kevin Hunt's failure to appear (Exhibit 10).

16. Submitted herewith is a March 25, 2008 Affidavit of Jeffrey P. Finan, Esq., counsel for Senesco, detailing his dealings and conversations with Kevin C. Clarke regarding a deposition of Mr. Clarke originally noticed for March 25, 2008 (ECF Document # 11). Mr. Clarke had been personally served with a subpoena to appear at said deposition, which also called for the production of his complete file in this matter (ECF Document #12). As set forth in the Finan Affidavit, Mr. Clarke refused to appear and refused to produce documents. To date, Mr. Clarke has continued in his failure to respond to the subpoena.

17. It is respectfully submitted an appropriate sanction against Hunt given its principal's failure to appear for his deposition, although having now been scheduled three times, would be an order striking Hunt's answer and dismissing Hunt's counterclaim pursuant to Federal Rules of Civil Procedure 37(d) and 37(b)(2)(A)(B) &(C). Hunt and its principal, Kevin Hunt shown complete disregard for their obligations under the Federal Rules of Civil Procedure. In the alternative, it is respectfully submitted an order be issued

directing Kevin Hunt to appear for deposition by a date certain or face an order striking Hunt's answer and counterclaim.

18. It is further requested that Hunt and/or Kevin Hunt be required to pay Senesco's costs and attorneys' fees incurred as a result of Hunt's conduct in refusing to fulfill its discovery obligations. Costs associated with the two cancelled depositions of Kevin Hunt include train tickets purchased by the undersigned totaling $375 (Exhibits 11 and 12). Attorneys' fees unnecessarily incurred by Senesco, limited only to the days counsel actually traveled to Pawtucket, Rhode Island for the purpose of deposing Kevin Hunt and time spent drafting this motion, are in the amount of $3,300. This is based upon counsel expending five hours each day at the rate of $275 per hour attending and preparing for the deposition of Kevin Hunt and two hours drafting this motion.

19. It is also respectfully requested an order be issued holding Kevin Clarke in contempt of Court as a result of his refusal to comply with the subpoena *duces tecum* also seeking his deposition, as more fully set forth in the accompanying Affidavit of Jeffrey P. Finan.

20. The undersigned Affiant spoke personally with counsel for Hunt on April 14, 2008, who indicated he believed it would be appropriate for

Hunt to pay the undersigned's expenses and attorney fees incurred by Senesco for April 14, 2008 as a result of Hunt's failure to appear. This matter could not in good faith be resolved, however, since Hunt's repeated failure to appear reflects a pattern of non-compliance and disregard for Hunt's obligations in this case, as well as the rights of Senesco, and it was deemed intervention of the Court was appropriate.

Dated: New York, New York
April 15, 2008

Gino A. Zonghetti

Sworn to this 15th day
Of April, 2008

Notary Public

Monica A. Brescia
Notary Public, State of New York
No. 02BR6146685
Qualified in New York County
Commission Expires May 22, 2010

To: Robert Collins, Esq.
Clinton & Muzyka, P.C.
One Washington Mall, Suite 1400
Boston, MA 02108
(617) 723-9165

Kevin C. Clarke
R.I. Marine Survey
547 Thames Street
Newport, RI 02840

**AFFIDAVIT OF SERVICE BY MAIL**

STATE OF NEW YORK )
ss:
COUNTY OF NEW YORK )

Arthur Pearson, being duly sworn, deposes and says that deponent is not a party to this action, is over 18 years of age and resides in Staten Island, New York.

That, upon the 16th day of April 2008, deponent served copies of the within:

**NOTICE OF MOTION**
**AFFIDAVIT OF GINO A. ZONGHETTI WITH EXHIBITS**
**AFFIDAVIT OF JEFFREY P. FINAN WITH EXHIBITS**
**MEMORANDUM OF LAW**

UPON:

Robert Collins, Esq.
Clinton & Muzyka, P.C.
One Washington Mall, Suite 1400
Boston, MA 02108

Kevin C. Clarke
R.I. Marine Survey
547 Thames Street
Newport, RI 02840

attorney(s) in this action, at the above address(es), the address(es) designated by said attorney(s) for the purpose, by depositing same in a post-paid properly addressed wrapper, in a post office official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

Arthur Pearson
Arthur Pearson

Sworn to before me this
16th day of April 2008.

Noreen D. Arralde
NOTARY PUBLIC

Noreen D. Arralde
Notary Public, State of New York
No. 02AR6045898
Qualified in Nassau County
Commission Expires July 31, 2010