UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND
---------------------------------------------------X
SENESCO MARINE, LLC,

Case No.: 07-cv-343(ECT)

Plaintiff,

- against -

HUNT MARINE I, LLC,

Defendant.
---------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION PURSUANT TO FED.R.CIV.P. 37(d) AND 37(b)(2)(A)(B) & (C) FOR AN ORDER STRIKNIG DEFENDANT HUNT'S ANSWER AND DISMISSING HUNT'S COUNTERCLAIM AND FOR AN ORDER PURSUAN TO FED.R.CIV.P. 45 FOR AN ORDER FINDING KEVIN C. CLARKE IN CONTEMPT FOR FAILURE TO OBEY SUBPOENA AND AN ORDER COMPELLING KEVIN C. CLARKE TO ATTEND A DEPOSITION**

COMES NOW, Plaintiff, SENESCO MARINE, LLC ("Senesco"), and files this Motion for an Order Striking HUNT MARINE I, LLC ("Hunt") Answer and dismissing Hunt's counterclaim and an Order finding Kevin Clarke in contempt of this Court as follows:

**Hunt's Answer Should be Striken and Hunt's Counterclaim Should be Dismissed**

Federal Rule of Civil Procedure 37 provides for the imposition of sanctions, including striking of pleadings and dismissal, against a party who fails to appear at his own deposition after being served with proper notice. Fed.R.Civ.P.37(d). *See, Guex v. Allmerica Financial Life Ins. And Annuity Co.*, 146 F.3d 30 (1st Cir. 1998) (sanction of prejudicial dismissal for insured's failure to appear at his deposition); *Atlantic Cape*

*Fisheries v. Harford Fire Insurance*, 509 F.2d 577 (1st Cir.1975) (dismissal of corporation's claims upon failure to produce president for a deposition); *Com. Of Puerto Rico v. SS Zoe Colocotroni*, 628 F.2d 652 (1st Cir.1980) (striking defendants' pleadings and petition for limitation of liability as sanction for attempt to avert scheduled depositions); *United States v. $239,500 In U.S. Currency,* 764 F.2d 771 (11th Cir.1985) (dismissal of claims for failure to attend deposition); *Hashemi v. Campaigner Publications, Inc.,* 737 F.2d 1538 (11th Cir.1984) (dismissal for plaintiff's failure to appear at scheduled depositions); *Bonaventure v. Butler,* 593 F.2d 625 (5th Cir.1979) (plaintiff's suit dismissed for refusals to appear for scheduled depositions); *Al Barnett & Son, Inc. v. Outboard Marine Corporation,* 611 F.2d 32 (3d Cir.1979) (dismissal of plaintiffs' claims for failure to attend scheduled depositions). The clear language in Rule 37 authorizes the imposition of sanctions on a corporation when an officer, director, or managing agent fails to attend a deposition or comply with a discovery order. *Atlantic Cape Fisheries*, 509 F.2d 577 (1st Cir.1975).

Furthermore, Rule 37(d) provides sanctions for "serious disregard of obligations imposed upon a party by the discovery rules *even though the party has not violated any court order*." *Mitsui & Co. (U.S.A.), Inc. v. Puerto Rico Water Resources Auth.,* 93 F.R.D. 62, 67 (D.P.R. 1981); *see also, U.S. v. One Lot of U.S. Currency Totaling $506,537*, 628 F.Supp. 1473, 1476 (S.D.Fla.1986) ("*No* prior court order is required for Rule 37(d) sanctions", including the sanction of "dismissal for a complete failure to appear for a deposition after being served with notice."). A finding of bad faith is not a condition precedent to imposing a sanction of dismissal. *Young v. Gordon*, 330 F.3d 76 (1st Cir.2003) (affirming dismissal as warranted sanction for plaintiff's failure to comply

with order that he appear at deposition and other discovery orders). However, dismissal is not authorized when it is established the failure to comply "has been due to inability, and not willfulness, bad faith, or any fault of the petitioner." *National Hockey League v. Metropolitan Hockey Club,* 427 U.S. 639, 640 (1976). Moreover, the Supreme Court in *National Hockey* warned the Court of Appeals not to exhibit "lenity" even in the face of outright dismissal for failure to comply with a discovery order because Rule 37 sanctions were designed not merely to penalize those whose conduct deserved sanctions, but also to deter those who might be tempted to engage in such conduct absent such a deterrent. *Id.* at 642-43; *Farm Construction Services v. Fudge*, 821 F.2d 18, 20 (1st Cir.1987).

Kevin Hunt, Hunt Marine's principal, was served with proper notice on January 30, 2008, of his deposition to be conducted on March 13, 2008 (Exhibit 2 to Affidavit of Gino A. Zonghetti). This deposition was adjourned because Hunt Marine did not provide fully responsive documentation required by plaintiff's notice to produce. The deposition was thereafter scheduled two additional times (Zonghetti ¶ 8-13) but Kevin Hunt failed to appear both times, once giving an untimely excuse and the second time offering no explanation for his failure to appear, although having been duly notified by his attorney, who appeared an attempted to call him from the deposition. Mr. Hunt simply ignored the calls and inexcusably failed to appear (Zonghetti Aff. ¶ 14-15). Hunt's repeated attempts to avoid compliance with his obligations has delayed the proceeding of this matter, prejudiced Senesco's preparation, and caused Senesco to incur costs and expenses. Accordingly, sanctions are warranted.

**Kevin Clarke Should be Held in Contempt**

On March 14, 2008, pursuant to Rule 45 plaintiff served on Kevin C. Clarke, a non-party, a subpoena to appear for testimony at the taking of a deposition upon oral examination and production of documents on March 25, 2008 at 10:30 a.m., at the law offices of plaintiff's counsel, Finan & Grourke, located at 24 Spring Street, Pawtucket, RI 02860 (Affidavit of Jeffrey P. Finan). Clarke was served at his place of employment at R.I. Marine Survey, which is approximately 40 miles from where the deposition was noticed to take place. On March 24, 2008, the day prior to his scheduled deposition, Senesco's counsel contacted Clarke by cell phone and Clarke stated he would not appear for his deposition and further would not produce the documentation (Aff. of Finan ¶ 5). Despite not objecting to the subpoena, Clarke failed to comply with subpoena by failing to appear for the deposition and failing to produce the subpoenaed documents. Mr. Clarke has not complied with efforts since his failure to appear to obtain his compliance with the subpoena. Accordingly, Senesco seeks an order holding Clarke in civil contempt and commanding Clarke to appear for a deposition. Further, Senesco moves the Court for an award of reasonable expenses, including attorney's fees caused by the failure of Clarke to comply with the subpoena.

"The purposes of sanctions in a civil contempt proceeding are to coerce the contemnor into complying with an order of the court and to compensate the harmed party for losses sustained on account of the contempt." *In re Sciaba*, 334 B.R. 524, 526 (Bkrtcy.D.Mass.,2005)(citing *In re Power Recovery Systems, Inc.,* 950 F.2d 798, 802 (1st Cir.1991)). The only discovery method whereby information may be obtained from a nonparty is Rule 45. *Highland Tank & Mfg. Co. v PS Intern., Inc.,* 227 F.R.D. 374, 379

(W.D.Pa.2005)(citing Adv. Comm. Note on 1991 Amendments to Fed.R.Civ.P. 45). Courts have the authority under Rule 45(e) to impose contempt on the basis of failure to comply with a subpoena. *PaineWebber, Inc. v. Acstar Ins. Co.,* 211 F.R.D. 247, 249 (S.D.N.Y. 2002). According to Rule 45(e), the court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule." Fed.R.Civ.P. 45(e).

The subpoena was properly issued by Gino A. Zonghetti, counsel for Senesco, pursuant to Rule 43(a)(3), served on Clarke, and contained all required content, including sufficient description of the designated documents Clarke was directed to produce. Fed.R.Civ.P. 45(a). *See also, Highland,* 227 F.R.D. 374, 380 ("Defiance of an attorney-issued subpoena is defiance of a court order, subjecting a defiant witness to contempt sanctions")(citing *Productos Mistolin, S.A. v. Mosquera,* 141 F.R.D. 226, 228 (D.Puerto Rico, 1992)). As mentioned above, the subpoena required Clarke to appear and produce at a place approximately 40 miles from where he is employed and regularly transacts business, well within the 100 miles limit of the Rule.

It is without doubt Clarke did not comply with the subpoena by failing to appear for the scheduled deposition and to produce documents. He was properly served and placed on notice of the subpoena. He was fully aware of his obligations in responding to and his options in contesting the subpoena which were properly included in the subpoena. Nonetheless, Clarke did not raise any objections at any time and has failed to adequately explain his blatant disregard for the subpoena.

Senesco requests that this Court hold Clarke in contempt for failing, without adequate excuse, to obey the subpoena, pursuant to Rule 45 of the Federal Rules of Civil Procedure, and order Clarke to appear in person to testify at the taking of a deposition and produce the subpoenaed documents by a date certain.

Dated: April 16, 2008

Gino A. Zonghetti (GAZ 2647)
KENNY, STEARNS & ZONGHETTI
26 Broadway
New York, New York 10004
(212) 422-6111

/s/
Jeffrey Finan
Finan & Grouke
24 Spring Street
Pawtucket, RI 02860
(401) 723-6800

TO: Kevin C. Clarke
R.I. Marine Survey
547 Thames Street
Newport, RI 02840

Robert Collins, Esq.
Clinton & Muzyka, P.C.
One Washington Mall, Suite 1400
Boston, MA 02108
(617) 723-9165

**AFFIDAVIT OF SERVICE BY MAIL**

STATE OF NEW YORK )
ss:
COUNTY OF NEW YORK )

Arthur Pearson, being duly sworn, deposes and says that deponent is not a party to this action, is over 18 years of age and resides in Staten Island, New York.

That, upon the 16th day of April 2008, deponent served copies of the within:

**NOTICE OF MOTION**
**AFFIDAVIT OF GINO A. ZONGHETTI WITH EXHIBITS**
**AFFIDAVIT OF JEFFREY P. FINAN WITH EXHIBITS**
**MEMORANDUM OF LAW**

UPON:

Robert Collins, Esq.
Clinton & Muzyka, P.C.
One Washington Mall, Suite 1400
Boston, MA 02108

Kevin C. Clarke
R.I. Marine Survey
547 Thames Street
Newport, RI 02840

attorney(s) in this action, at the above address(es), the address(es) designated by said attorney(s) for the purpose, by depositing same in a post-paid properly addressed wrapper, in a post office official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

Arthur Pearson
Arthur Pearson

Sworn to before me this
16th day of April 2008.

Noreen D Arralde
NOTARY PUBLIC

Noreen D. Arralde
Notary Public, State of New York
No. 02AR6045898
Qualified in Nassau County
Commission Expires July 31, 2010