**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**CIVIL ACTION**
**NO: 07-343T**

**SENESCO MARINE, LLC,**
**Plaintiff,**

**VS.**

**HUNT MARINE I, LLC,**
**Defendant.**

**DEFENDANT, HUNT MARINE I, LLC'S, MEMORANDUM OF LAW IN SUPPORT OF IT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE ANSWER TO COMPLAINT, COUNTERCLAIM OF HUNT AND FOR COSTS AND ATTORNEYS' FEES, AND FOR ORDER FINDING KEVIN CLARKE IN CONTEMPT**

Now comes the defendant, Hunt Marine I, LLC, in the above-entitled action, by their attorneys, Clinton & Muzyka, P.C., and moves this Honorable Court to deny Plaintiff's Motion To Strike Answer To Complaint, Counterclaim of Hunt and For Costs and Attorneys' Fees, and For Order Finding Kevin Clarke in Contempt. The defendant submits the following as grounds in support of its opposition and as well as the attached four (4) Affidavits incoporated.

**DEFENDANT, HUNT MARINE, I, LLC'S ANSWER AND COUNTERCLAIM SHOULD NOT BE DISMISSED**

Rule 37 of the Federal Rules of Civil Procedure provides that the District Court should "use the draconian remedy of dismissal with prejudice only in extreme

circumstances." ***Bonaventure v. Butler,*** 593 F.2d 625 (5th Cir. 1979) (citing, ***Griffin v. Aluminum Co. of America***, 564 F.2d 1171, 1172 (5th Cir. 1977)). In granting motions such as the plaintiff's, the Court must look very closely at the facts. In point of fact, cases cited in support of the Plaintiff's motion show the extremity required to warrant dismissal. ***See Guex v. Allmerica Financial Life Ins. And Annuity Co.***, 146 F.3d 40 (1st Cir. 1998) (sanction of prejudicial dismissal for insured's failure to appear at deposition, ***and subsequently failing to explain to the Magistrate on three occasions his reasons for failure to appear***); ***Atlantic Cape Fisheries v. Hartford Fire Insurance***, 509 F. 2d 577 (1st Cir. 1975)(dismissal of corporation's claims upon failure to produce president for a deposition when ***"the case had been pending for more than two years, had seen repeated postponements, court orders, and communications among counsel, and with the court as appellant endeavored to arrange the deposition…When the case was dismissed, the trial date was less than three weeks in the future*"** **and attempts to take depositions began more than 15 months before the case was dismissed**); ***Com. Of Puerto Rico v. S.S. Zoe Colocotroni***, 628 F.2d 652 (1st Cir. 1980)(striking defendants' pleadings and petition for limitation of liability as a sanction ***for misleading***

***conduct in averting scheduled depositions***); ***Hashemi v. Campaigner Publications, Inc.,*** 737 F.2d 1538 (11th Cir. 1984) (dismissal for plaintiff's failure to appear at second deposition ***in direct violation of a court order***); ***Bonaventure v. Butler***, 593 F.2d 625 (5th Cir. 1979) (plaintiff's suit dismissed for refusals to appear at depositions and ***comply with discovery orders***); ***Al Barnett & Sons, Inc. v. Outboard Marine Corporation,*** 611 F.2d 32 (3d Cir. 1979) (dismissal of plaintiff's claims for plaintiff's ***repeated failure to answer interrogatories as directed by the court, refusal to appear for depositions, and failure to produce documents as stipulated***); ***Young V. Gordon***, 330 F.3d 76 (1st Cir. 2003)(affirming dismissal as warranted sanction for plaintiff's failure to comply with court order that he appear at deposition and among other errors, "**he refused to participate in the framing of the joint statement; he did not respond to the defendants' counterclaims until the court threatened to dismiss the case; and he did not provide adequate discovery responses despite a series of orders compelling him to do so…")**As highlighted above in bold, the plaintiff fails to mention these other key facts which made non-compliance in the cited cases more extreme and warranting dismissal than the facts of the present case.

Further, the plaintiff cites dicta in ***Mitsui & Co. (U.S.A.), Inc. v. Puerto Rico Water Resources Auth.,*** 93 F.R.D. 62, 67 (D.P.R. 1981), which says Rule 37(d) provides sanctions for “serious disregard of obligations imposed upon a party by the discovery rules even though the party has not violated any court order.” However, the court in ***Mitsui***, was addressing Puerto Rico Water Resources Authority’s (PRWRA) failure to designate a 30(b)(6) deponent, and merely ordered that that such a person be designated. ***Mitsui,*** 93 F.R.D. at 66-67. The plaintiff further cites dicta from ***U.S. v. One Lot of Currency Totalling $506,537,628,*** 628 F.Supp. 1473, 1476 (S.D.Fla.1986), by writing “‘No prior court order is required for Rule 37(d) sanctions,’ including the sanction of ‘dismissal for a complete failure to appear for a deposition after being served with notice.’” However, the plaintiff fails to point out the ultimate holding of ***U.S. v. One Lot of Currency Totalling***, where the Court held that where the claimant had not demonstrated any valid reason for his failure to comply extreme sanctions may be appropriate. 628 F.Supp. at 1476. Also, note that in ***U.S. v. One Lot of Currency Totalling***, the Court wrote that is customary for courts to “enter an order compelling discovery before entering sanctions…”

In ***National Hockey League v. Metropolitan Hockey Club***, 427 U.S. 639, 640 (1976), the Supreme Court asserted that Rule 37 “should not be construed to authorize dismissal of (a) complaint because of petitioner's noncompliance with a pretrial production order when it has been established that failure to comply has been due to inability, and not to willfulness, bad faith, or any fault of petitioner.” (citing, Societe Internationale v. Rogers, 357 U.S. 197, 212(1958)). In the First Circuit, the Court should consider the following when assessing a party’s violation of a discovery order: “the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness vel non of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions.” ***Benítez-García v. González-Vega,*** 468 F.3d 1, 5 (1st Cir.2006)(quoting ***Robson v. Hallenbeck,*** 81 F.3d 1, 2-3 (1st Cir.1996)).

In the present case there has been no violation of a discovery order. Kevin Hunt, the principal of Hunt Marine, was prepared to attend the deposition to be conducted on March 13, 2008. The deposition was adjourned because Hunt Marine was searching for log books in order to properly respond to the documentation required by the plaintiff’s

notice to produce. Kevin Hunt failed to appear to his deposition on April 8, 2008 as he was still recovering from surgery that occurred on April 7, 2008. The deposition was then rescheduled for April 10, 2008, but as a result of an accident over the weekend and a lapse of memory as a result of the weekend's occurrences Mr. Hunt failed to appear at the deposition at that time. Despite the plaintiff's contention that Mr. Hunt "simply ignored" the calls of his attorney, in reality his phone was not on. When Mr. Hunt finally received word on April 10, 2008 to remind him of the deposition, he was willing to appear, but it was too late as there was no stenographer and counsel had left. As discovery is still open until May 31, 2008, defendant submits that it will produce Mr. Hunt at a time convenient to the plaintiff. As the defendant is willing to ensure compliance with attendance at the deposition prior to the close of discovery, the presence of Mr. Hunt's legitimate excuse, the non-deliberate nature of the failure to attend the deposition, and the fact that discovery is still open and the other side will not be prejudiced, sanctions southt by the plaintiff are not warranted. Counsel for Hunt advised plaintiff's counsel that defendant would pay the stenographer's bill.

Kevin Clarke has always been willing to attend his deposition. His failure to appear on March 25, 2008 was due to a lack of communication with Attorney Robert Collins. Mr. Clarke did not deliberately ignore the deposition subpoena notice to attend his deposition. Accordingly, Mr. Clarke's failure to appear does not warrant being held in Contempt of Court.

**WHEREFORE,** the defendant and Mr. Kevin Clarke respectfully request this Honorable Court to deny Plaintiff's Motion.

By its attorneys,

**CLINTON & MUZYKA, P.C.**

"/s/ Robert E. Collins"
**Robert E. Collins**
**Bar No. 2951**
One Washington Mall
Suite 1400
Boston, MA 02108
(617) 723-9165

**CERTIFICATION**

The undersigned hereby certifies that I have electronically filed the above document on the 6th day of May, 2008.

Notice will be electronically mailed to:

Jeffrey P. Finan jpf@finangrourke.com

Gino A. Zonghetti gzonghetti@kszlaw.com

_"/S/Robert E. Collins"_