**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**CIVIL ACTION**
**NO: 07-343T**

**SENESCO MARINE, LLC,**
**Plaintiff,**

**VS.**

**HUNT MARINE I, LLC,**
**Defendant,**

**AFFIDAVIT OF ROBERT E. COLLINS, ESQ.**

Now comes the Affiant, Robert E. Collins, after being duly sworn, as deposes and states as follows.

1. I am Robert E. Collins, an attorney with the law firm of Clinton & Muzyka, P.C. I am the attorney of record for the Defendant, Hunt marine I, LLC in this matter.

2. Kevin Hunt is the principal officer of Hunt Marine I, LLC.

3. The deposition of Mr. Hunt was scheduled to proceed on March 13, 2008 at the office of Finan & Grourke in Pawtucket, Rhode Island.

4. Prior to the commencement of the deposition, I conferred with Attorney Zonghetti and we agreed to postpone the deposition so I could obtain copies of the logbooks for the Tug PATRICK J. HUNT and the Tug CHARLENE HUNT, the two vessels that were damaged in the incident at Senesco Marine.

5. The deposition of Mr. Hunt was rescheduled for April 10, 2008.

6. At the time, I was involved in preparation for a jury trial commencing on April 14, 2008 before Judge Smith of this Honorable Court in the matter of *Sutherland v. HYC, Inc. and Barrows,* C.A. No. 05-450-S.

7. In preparation for the *Sutherland* trial, a de bene esse videotaped deposition of a witness was scheduled to take place on Long Island, New York on April 10, 2008.

8. Rather than request a continuance of the deposition, I conferred with Attorney Thomas Clinton of my office and he was available to cover the deposition.

9. Because Attorney Clinton is not licensed in the State of Rhode Island or admitted pro hac vice in this matter, I conferred with Attorney Zonghetti, who agreed to the substitution.

10. I conferred with Mr. Hunt beforehand and he indicated that he was having surgery on his hand on April 9, 2008 on an outpatient basis, but he should be okay for the deposition.

11. On the evening of April 9, 2008, Mr. Hunt called my cellular phone and left a voicemail message that he had been prescribed Percocet for the pain and did not believe that he could testify at the deposition. Because I had to leave early in the morning for the deposition in Long Island, I did not get the voicemail message that evening.

12. As I was driving to Long Island, I picked up the voicemail message. I called Attorney Clinton and suggested he contact

Mr. Hunt and find out his condition. He did so and was advised by Mr. Hunt that he was groggy and could not proceed with the deposition.

13. Attorney Zonghetti was on the train heading from New York for the deposition. He contacted the undersigned and agreed that the deposition could not proceed.

14. I was not involved in the rescheduling of the deposition to Monday, April 14, 2008 because the trial before Judge Smith began on that same day.

15. Kevin Clarke of Rhode Island Marine Survey is a marine surveyor who was assigned by the underwriters for Hunt Marine I, LLC to investigate this claim. I had never met or worked with Mr. Clarke prior to this claim and had never talked to him prior to March 24, 2008.

16. His deposition was scheduled by Attorney Zonghetti for March 25, 2008. On March 24, 2008, I was contacted by Mr. Hunt, who indicated that Mr. Clarke would not be able to attend the deposition. I conferred with Attorney Zonghetti and it was agreed that the deposition would be postponed and I would provide Attorney Zonghetti with a copy of Mr. Clark's file and then the deposition would proceed.

17. I conferred with Mr. Clarke later that day and learned that he lived very near the undersigned's residence in Portsmouth, Rhode Island. I indicated that I would travel to his house to pick up a copy of his file and that the deposition

would proceed some time thereafter.

18. Due to obligations incurred in the preparation for the trial before Judge Smith, that did not conclude until April 23, 2008, I was unable to pick up Mr. Clarke’s file.

19. It was hoped that Mr. Clarke’s deposition would be concluded on April 10, 2008 after the completion of Mr. Hunt’s deposition. However, I advised Attorney Zonghetti that I had not been able to coordinate with Mr. Clarke and it was agreed that the deposition of Mr. Clarke would proceed at a later date in conjunction with other depositions.

20. Mr. Clarke has indicated that he will appear for a deposition at a mutually agreeable date and time.

SIGNED UNDER THE PAINS AND PENALTIES OF PURGERY THIS 29th DAY OF APRIL, 2008.

Robert E. Collins