UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CIVIL ACTION
NO: 07-343T

SENESCO MARINE, LLC,
Plaintiff,

VS.

HUNT MARINE I, LLC,
Defendant,

## AFFIDAVIT OF THOMAS E. CLINTON, ESQ.

Now comes the Affiant, Thomas E. Clinton, after being duly sworn, as deposes and states as follows.

1. I am Thomas E. Clinton, an attorney with the law firm of Clinton & Muzyka, P.C.

2. I was asked by Attorney Robert Collins of this office if I could cover a deposition of Kevin Hunt of Hunt Marine I, LLC on April 10, 2008, because he had a conflict with a videotaped trial deposition in another matter. I agreed to cover the Hunt deposition.

3. I live in Swampscott, Massachusetts. As I was enroute to the deposition in Pawtucket, Rhode Island, I was contacted by Attorney Collins who indicated that he had a message from Mr. Hunt the night before that he was very groggy from percocet that was prescribed for pain after he had hand surgery on April 9, 2008.

4. I contacted Mr. Hunt by cellular phone and concluded that

he was unable to proceed at that time with the deposition. I called Finan & Grourke, the law firm where the deposition was to be taken in Pawtucket, Rhode Island and suggested they contact Mr. Zonghetti and advise him of Hunt's condition.

5. Later that day, I conferred with Attorney Zonghetti and it was agreed that the deposition would proceed on April 14, 2008 at 10:30 a.m. at the law firm of Finan & Grourke in Pawtucket, Rhode Island. The previous deposition notice for April 10, 2008 was to start at 10:00 a.m.

6. I contacted Mr. Hunt by cellular phone and advised him of the new date for the deposition. It was agreed that I would meet him at the Finan & Gourke Law Office in Pawtucket, Rhode Island at 10:30 a.m.

7. I arrived at Finan & Grourke at approximately 10:30 a. m. but Mr. Hunt was not there. When he did not arrive by approximately 10:45 a.m., I attempted to contact him on his cellular phone, but it was apparently shut off. I left a message for him to call me.

8. I made two more attempts to contact him without success. His cellular phone was shut off. I again left a message to call me. At approximately 11:30 a.m, Attorney Zonghetti and I agreed that the deposition would not proceed that day and I headed back to my office in Boston.

9. Before leaving the law office, I stated to Attorney Zonghetti that I would get a new date and that he bring the

stenographer's bill for her attendance that day.

10. I later conferred with Mr. Hunt on April 24, 2008 after I had returned to my office in Boston, Massachusetts and he advised that he had fallen over the weekend and injured his leg. Because of his injury, he had forgotten about the deposition and had shut off his cellular phone.

10. He has advised me that he remains ready and willing to appear for a deposition and indicated that his failure to appear was a mistake and did not constitute an unwillingness to have his deposition obtained.

**SIGNED UNDER THE PAINS AND PENALTIES OF PURGERY THIS 6th DAY OF MAY, 2008**

Thomas E. Clinton

**Thomas E. Clinton**