UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

---------------------------------------------------X

SENESCO MARINE, LLC,

Case No.: 07-cv-343(ECT)

Plaintiff,

- against -

HUNT MARINE I, LLC,

Defendant.

---------------------------------------------------X

## PLAINTIFF'S MEMORANDUM OF LAW IN REPLY TO DEFENDANT HUNT'S OPPOSITION AND IN FURTHER SUPPORT OF ITS MOTION FOR AN ORDER STRIKNIG HUNT'S ANSWER AND DISMISSING HUNT'S COUNTERCLAIM AND FOR AN ORDER FINDING KEVIN C. CLARKE IN CONTEMPT FOR FAILURE TO OBEY SUBPOENA AND AN ORDER COMPELLING KEVIN C. CLARKE TO ATTEND A DEPOSITION

Defendant, HUNT MARINE I, LLC's ("Hunt") opposition fails to in any meaningful way dispute Senesco's motion and Senesco's entitlement to the relief requested therein; Hunt concedes notice of the depositions, failures to appear at the depositions, and proffers no reasonable excuse for said failures. In fact, the excuses proffered by Kevin Hunt for failing to attend the last scheduled deposition of April 14, 2008 so dubious as to be insulting to the parties and the Court.

Hunt concedes Kevin Hunt's deposition was properly noticed and scheduled on March 13, 2008, April 10, 2008, and April 14, 2008. The first postponement occurred the day before Mr. Hunt's March 13, 2008 deposition due to the fact Hunt failed to produce fully responsive documentation to Senesco's notice to produce which was

served on January 9, 2008 (Exhibit 1 to Affidavit of Gino A. Zonghetti in Support) despite written reminders and requests to counsel for Hunt for said documents (Ex. 2 to Aff. of Zonghetti in Support, ¶¶ 7-8). Thereafter the deposition was scheduled for April 10, 2008. Hunt concedes it cancelled the deposition on April 10, 2008, the day it was scheduled to occur, thereby providing Senesco with no prior notification. Once again, Mr. Hunt's deposition was adjourned and rescheduled for April 14, 2008. Mr. Hunt concedes he was aware and agreed his deposition was to take place on April 14th (Affidavit of Kevin Hunt, ¶ 7). Further, Hunt concedes he failed to appear for his deposition on April 14th and failed to provide any prior notice that he would not be appearing as scheduled (Hunt Aff., ¶ 9).

Hunt's failure to appear both times demonstrates a flagrant disregard of Hunt Marine's obligations under the Federal Rules of Civil Procedure, as well disrespect to Senesco and its counsel. Mr. Hunt's excuses for not appearing are less than compelling, and, in fact, obviously contrived. After canceling the second deposition date, untimely, because he was supposedly "groggy" he failed to show up at the third scheduled deposition because he "forgot" (Hunt Aff., ¶8). Kevin Hunt and his counsel concede they spoke to one another about the rescheduled deposition. Apparently believing the "I forgot" excuse insufficient in and of itself, Mr. Hunt throws in a reason for his supposed forgetfulness – he "thought" he broke his leg (Hunt Aff. ¶8). While perceived, apparently, as explaining his forgetfulness, this excuse, of course, creates problems of its own. First, Hunt makes no effort to explain how his surgery and resulting grogginess did not have the same impact upon his memory process as did the

supposed problem with his leg. Indeed, Hunt's tale, if true, would mean undergoing anesthesia and taking narcotic pain medication did not affect his ability to recall his deposition, while the vague problems with his leg did. Of course, Hunt provides nothing in the way of documentation supporting any of his purported health problems that supposedly caused him to miss his second deposition and forget his third – not a doctor's note, a medical bill, or a prescription. The unsupported, alleged, belief he had broken his leg apparently not only erased his memory, but for some unexplained reason also supposedly caused Hunt to turn off his telephone – the next day. Yet, Kevin Hunt is the principal of Hunt Marine, a company engaged in marine transportation which owns and operates tug boats. It may not be ignored that in this law suit, Senesco alleges, as evidenced by telephone records, Kevin Hunt refused to return telephone calls made to him demanding he come to Senesco's pier to secure his tug boats while they were damaging Senesco's pier during a storm on April 16, 2007. Telephone records produced by Mr. Hunt in this law suit reveal virtually constant telephone traffic to and from his cellular telephone, presumably because his business requires him to be available. As with his phantom leg injury for which he provides no medical documentation as support, Mr. Hunt further provides no telephone records confirming he was, in fact, unavailable by telephone because it was turned off and it can reasonably be inferred his telephone records would prove otherwise.

Hunt fails to offer a legitimate excuse or believable explanation for Mr. Hunt's repeated failure to appear for his deposition. Mr. Hunt's deliberate non-compliance delayed the proceeding of this matter, prejudiced Senesco's preparation, and caused

Senesco to incur costs and expenses. In its opposition Hunt argues that since discovery is still open until May 31, 2008, it will be able to ensure attendance of Mr. Hunt before it ends and Senesco will not be prejudiced (Hunt's Memo. in Opp. p. 6). In fact, Senesco has already suffered prejudice as a result of Mr. Hunt's unexcused delay because the May 31, 2008 discovery end date was set by the Court on January 8, 2008. While the discovery end date has remained the same, the deposition has been rescheduled from March 13th, April 10th, and April 14th; thus, in effect, Hunt has effectively undermined Senesco's discovery in this matter and prejudiced Senesco's preparation. It is clear Mr. Hunt has never been willing to attend his deposition and, the only reason Hunt has agreed to ensure attendance of Mr. Hunt is because Senesco made this motion. Accordingly, sanctions are warranted and given the dubious response of Hunt, the striking of Hunt's answer and dismissal of its counterclaim is appropriate.

Kevin C. Clarke concedes he was served with a subpoena to appear for testimony at the taking of a deposition upon oral examination and production of documents on March 25, 2008 (Affidavit of Kevin Clarke, ¶ 3) and offers no adequate excuse for his defiance. Clarke admits that "at the suggestion of Kevin Hunt" he left a message for Mr. Collins, Hunt's attorney that he could not appear for the deposition (Clarke Aff. ¶4). Clarke does not dispute the fact Jeffrey Finan, Senesco's counsel, made numerous attempt to contact him, including sending a letter and email (Exs. A-B to Affidavit of Jeffrey Finan in Support, ¶¶ 3-5). Clarke does not dispute the fact he ignored Finan's attempts to reschedule his deposition. In fact, Clarke fails to dispute any portion of Mr. Finan's affidavit. Thus, Clarke concedes he was served, failed to appear

for the deposition, failed to produce subpoenaed records, failed to respond to attempts to reschedule the deposition, including emails, and phone calls. Clarke does not any explanation for his deliberate non-compliance, let alone an "adequate excuse" for his "failure to obey" as provided by Fed.R.Civ.P. 45(e). Clarke has not produced a single page of records in response to the duly served subpoena, nor has he done a thing to appear for his deposition, and apparently simply believes he can ignore the subpoena that was served upon him. Accordingly, this Court should hold Clarke in contempt for failing, without adequate excuse, to obey the subpoena, pursuant to Rule 45 of the Federal Rules of Civil Procedure, and order Clarke to appear in person to testify at the taking of a deposition and produce the subpoenaed documents by a date certain.

Dated: May 7, 2008

Gino A. Zonghetti (GAZ 2647)
KENNY, STEARNS & ZONGHETTI
26 Broadway
New York, New York 10004
(212) 422-6111

TO: Kevin C. Clarke
R.I. Marine Survey
547 Thames Street
Newport, RI 02840

Robert Collins, Esq.
Clinton & Muzyka, P.C.
One Washington Mall, Suite 1400
Boston, MA 02108
(617) 723-9165

**AFFIDAVIT OF SERVICE BY MAIL**

STATE OF NEW YORK )
ss:
COUNTY OF NEW YORK )

Arthur Pearson, being duly sworn, deposes and says that deponent is not a party to this action, is over 18 years of age and resides in Staten Island, New York.

That, upon the 7th day of May 2008, deponent served copies of the within:

**PLAINTIFF'S MEMORANDUM OF LAW IN REPLY TO DEFENDANT HUNT'S OPPOSITION AND IN FURTHER SUPPORT OF ITS MOTION FOR AN ORDER STRIKING HUNT'S ANSWER AND DISMISSING HUNT'S COUNTERCLAIM AND FOR AND ORDER FINDING KEVIN C. CLARKE IN CONTEMPT FOR FAILURE TO OBEY SUBPOENA AND AN ORDER COMPELLING KEVIN C. CLARKE TO ATTEND A DEPOSITION**

UPON:

Robert Collins, Esq.
Clinton & Muzyka, P.C.
One Washington Mall, Suite 1400
Boston, MA 02108

Kevin C. Clarke
R.I. Marine Survey
547 Thames Street
Newport, RI 02840

attorney(s) in this action, at the above address(es), the address(es) designated by said attorney(s) for the purpose, by depositing same in a post-paid properly addressed wrapper, in a post office official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

Arthur Pearson
Arthur Pearson

Sworn to before me this
7th day of May 2008.

Monica A. Brescia
NOTARY PUBLIC

Monica A. Brescia
Notary Public, State of New York
No. 02BR6146685
Qualified in New York County
Commission Expires May 22, 2010