UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

----------------------------------------------------------X
Senesco Marine, LLC,

Plaintiff,

-against- C.A. NO: 07-343-(ECT)

Hunt Marine I, LLC,

Defendant.

----------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF SENESCO MARINE, LLC'S MOTION TO STRIKE DEEFENDANT HUNT MARINE I, LLC'S ANSWER AND DISMISS ITS COUNTERCLAIM AS A RESULT OF FRAUD ON THE COURT PERPETRATED BY KEVIN HUNT, PRINCIPAL OF HUNT MARINE I, LLC'S FILING OF AN ADMITTED FALSE AFFIDAVIT WITH THE COURT

Gino A. Zonghetti
*Of Counsel*

**INTRODUCTION**

Plaintiff Senesco Marine, LLC ("Senesco") moves for an order striking the answer and counterclaim of Hunt Marine I, LLC ("Hunt Marine") on the grounds its principal, Kevin Hunt, filed an admitted false affidavit with the Court in opposition to Senesco's prior motion seeking similar relief filed as a result of Kevin Hunt's failure to appear for deposition on two separate occasions. In opposing said motion, which was orally argued to the Court on June 18, 2008 and which resulted in the Court conditionally granting Senesco's motion by way of an ordered entered on June 18, 2008. Kevin Hunt appeared for deposition on June 25, 2008 and when questioned about the reasons he had failed to appear for his deposition that had been scheduled for April 14, 2008, provided an reason which was entirely contradictory to the reasons he set forth in his May 2, 2008 affidavit to the Court submitted in opposition to Senesco's initial motion to strike Hunt Marine's answer and dismiss its counterclaim. While in his May 2, 2008 affidavit Mr. Hunt stated that he failed to appear because he allegedly injury his leg on Saturday, April 11, 2008, in his deposition testimony, Mr. Hunt testified that what, in fact, occurred, was that he thought the deposition had been scheduled for Tuesday, April 15, 2008 and not Monday, April 14, 2008. When presented at his deposition with his May 2nd affidavit and asked whether the affidavit contained the "real reason" he had failed to appear at his April 14, 2008 deposition, Mr. Hunt responded: "correct." Mr. Hunt's deposition testimony establishes the affidavit he submitted to the Court in opposition to Senesco's motion to strike Hunt Marine's answer and dismiss its counterclaim was false. It is respectfully submitted the Court relied upon the May 2nd affidavit of Kevin Hunt, but was purposefully misled by Mr. Hunt, and that as a result, the sanction of dismissal of Hunt Marine's counterclaim and striking of its answer pursuant to the inherent power of the court is not only appropriate, but required.

## FACTS:

The Court is respectfully referred to the Affidavit of Gino A. Zonghetti dated July 9, 2008 submitted in support of the instant motion for the facts pertinent to this motion. This is done so as not to burden the record and for convenience of the Court and the parties.

## ARGUMENT:

Where a plaintiff submits a false affidavit to the court, dismissal of the complaint has been determined to be an appropriate sanction. *Green v. Mayor and City Council of Baltimore,* 98 F.R.D. 645 (D.Md.,2001). In *Green*, plaintiff signed and falsely notarized signatures of several affiants on affidavits submitted to the court in opposition to defendants' motion for summary judgment. Plaintiff, a notary public, signed the affidavits and notarized them without the affiants being present. The court held as follows in determining dismissal was the appropriate sanction for plaintiff's conduct in submitting a false affidavit:

> The Court has considered lesser sanctions, but no lesser sanction than dismissal could conceivably uphold the integrity of this Court as a place where the submission of false documents or testimony is not tolerated. It is settled that the sanction of dismissal may properly be imposed without regard to the merits *vel non* of the underlying lawsuit: 'Once a litigant chooses to practice fraud, that misconduct infects his cause of action...." [*Aoude v. Mobil Oil Corp.,* 892 F.2d 1115, 1121 (1st Cir.1989), *cited with approval in Liva v. County of Lexington,* 972 F.2d 340, 1992 WL 187299, slip op. at 1-2 (4th Cir.1992).] In this Court's judgment, plaintiff has fatally infected his own case and must suffer the consequences. Thus, pursuant to the inherent authority of the Court, the Court will dismiss this case, by a separate order, with prejudice, for the perpetration of a fraud on this Court. *See, Aoude, supra,* at 1121.

In *Aoude, supra* the First Circuit Court of Appeals held as follows in a case involving plaintiff's fraud on the court:

> It is apodictic that federal courts possess plenary authority "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link,*

370 U.S. at 630-31, 82 S.Ct. at 1388-89 (footnote omitted). The Civil Rules neither completely describe, nor purport to delimit, the district courts' powers. *See HMG Property,* 847 F.2d at 915;*Brockton Savings Bank v. Peat, Marwick, Mitchell & Co.,* 771 F.2d 5, 11 (1st Cir.1985), *cert. denied,*475 U.S. 1018, 106 S.Ct. 1204, 89 L.Ed.2d 317 (1986). Rather, the district courts retain the inherent power to do what is necessary and proper to conduct judicial business in a satisfactory manner. As we have said, that inherent power is "rooted in the chancellor's equity powers, 'to process litigation to a just and equitable conclusion.' " *HMG Property,* 847 F.2d at 915 (quoting *ITT Community Development Corp. v. Barton,* 569 F.2d 1351, 1359 (5th Cir.1978)). The courts' inherent power includes "the ability to do whatever is reasonably necessary to deter abuse of the judicial process." *Eash v. Riggins Trucking Inc.,* 757 F.2d 557, 567 (3d Cir.1985) (en banc); *see also Brockton Savings Bank,* 771 F.2d at 11.

There is an irrefragable linkage between the courts' inherent powers and the rarely-encountered problem of fraud on the court. Courts cannot lack the power to defend their integrity against unscrupulous marauders; if that were so, it would place at risk the very fundament of the judicial system. As Justice Black wrote in a case involving a not-dissimilar fraud:

[T]ampering with the administration of justice in the manner indisputably shown here involves far more than an injury to a single litigant. It is a wrong against the institutions set up to protect and safeguard the public, institutions in which fraud cannot complacently be tolerated consistently with the good order of society.... The public welfare demands that the agencies of public justice be not so impotent that they must always be mute and helpless victims of deception and fraud.

*Hazel-Atlas Glass Co. v. Hartford-Empire Co.,* 322 U.S. 238, 246, 64 S.Ct. 997, 1001, 88 L.Ed. 1250 (1944).[1] All in all, we find it surpassingly difficult to conceive of a more appropriate use of a court's inherent power than to protect the sanctity of the judicial process-to combat those who would dare to practice unmitigated fraud upon the court itself. To deny the existence of such power would, we think, foster the very impotency against which the *Hazel-Atlas* Court specifically warned.

We find the caselaw fully consonant with the view that a federal district judge can order dismissal or default where a litigant has stooped to the level of fraud on the court. The Supreme Court said so in *Hazel-Atlas,* albeit in dicta. *Id.* at 250, 64

---

[1] In *Hazel-Atlas,* the relief awarded took the form of vacating a judgment long after it had become final, and prohibiting the judgment-holder from relitigating its claim. 322 U.S. at 250-51, 64 S.Ct. at 1003-04.

> S.Ct. at 1003. The most closely analogous cases we can find, in our own circuit and in a variety of other courts, stand for much the same proposition. *See, e.g., Brockton Savings Bank,* 771 F.2d at 11-12 (affirming district court's entry of default judgment under court's inherent powers in response to defendant's abusive litigation practices); *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir.1983) ( "courts have inherent power to dismiss an action when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice"); *Eppes v. Snowden,* 656 F.Supp. 1267, 1279 (E.D.Ky.1986) (where fraud committed, court has "inherent power [to dismiss] ... to protect the integrity of its proceedings"); *United States v. Moss-American, Inc.*, 78 F.R.D. 214, 216 (E.D.Wis.1978) (similar); *see also C.B.H. Resources, Inc. v. Mars Forging Co.,* 98 F.R.D. 564, 569 (W.D.Pa.1983) (dismissing under Fed.R.Civ.P. 41(b) where party's fraudulent scheme, including use of a bogus subpoena, was "totally at odds with ... the notions of fairness central to our system of litigation").

In the instant case, Kevin Hunt submitted an admittedly false affidavit in opposition to Senesco's motion to strike Hunt Marine's answer and to dismiss its counterclaim. In the affidavit, which was less than clear as to the purported reasons he allegedly did not appear at his depositions he stated he failed to appear for the April 10th deposition because he was groggy from having taken pain medication for a minor surgical procedure on a finger performed the prior day, and failed to appear for the April 14th deposition because of a purported injury to his leg occurring on the Saturday before the deposition, i.e. April 12th, somehow caused him to forget to attend that deposition. This excuse was questioned by Senesco in its reply, and, at oral argument, the Court indicated the excuses set forth in Hunt's affidavit gave rise to potential issues of credibility on the part of Kevin Hunt, which, by not attending at the hearing on the motion he was not in a position to address. Mr. Hunt's deposition testimony makes it clear that the excuse he provided in his affidavit as to not attending the deposition on August 14th was false and obviously concocted in an attempt to explain his absence from that deposition for medical reasons. At his deposition Kevin Hunt claimed he mistakenly believed the deposition had been scheduled for Tuesday, August 15th and for that reason, alone, did not attend the

deposition on August 14th. Mr. Hunt conceded at his deposition that in the affidavit he filed with the Court in an effort to avoid the relief sought by Senesco, i.e. the striking of Senesco Marine's answer and dismissal of its counterclaim as a result of his non-appearance at his depositions, he did not include the "real reason" for his non-appearance at his deposition on August 14, 2008. There is simply no question but that Mr. Hunt intended to, attempted to, and did in fact mislead the Court and Senesco by the filing of a false affidavit. Mr. Hunt's actions were willful, and although both Sensco, and, based upon comments at oral argument, upon information and belief, the Court, had questions as to the veracity of Mr. Hunt's excuses as set forth in his affidavit, he nevertheless prevailed in opposing the motion to the extent he was given the opportunity to appear for deposition to avoid the striking of Hunt Marine's answer and dismissal of its counterclaim. Mr. Hunt thus gained advantage in this litigation by the filing of the false affidavit.

It is respectfully submitted pursuant to the Court's inherent authority and, as cited above, overwhelming authority supporting its right to sanction where a party misleads the Court by filing a false affidavit, the sanctions of striking Hunt Marine's answer and dismissing its counterclaim are not only appropriate, but called for as a matter of preserving the sanctity and integrity of the judicial process. In addition, Mr. Hunt should be ordered to pay Senesco's attorneys' fees with respect to the drafting of this motion and in attending Kevin Hunt's deposition.

## CONCLUSION:

It is respectfully submitted that the answer of Hunt Marine I, LLC should be stricken and its counterclaim dismissed as a result of the fraud on the Court perpetrated by the principal of

Hunt Marine I, LLC, Kevin Hunt in submitting a false affidavit to the Court pursuant to the inherent power of the Court. Additionally, monetary sanctions should be imposed upon Kevin Hunt.

Dated: July 9, 2008

Gino A. Zonghetti
(GAZ-2647)
26 Broadway
New York, New York 10004
(212) 422-6111

Finan & Grourke
24 Spring Street
Pawtucket, RI 02860
(401) 723-6800

To: Robert Collins, Esq.
Clinton & Muzyka, P.C.
One Washington Mall, Suite 1400
Boston, MA 02108
(617) 723-9165