**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**CIVIL ACTION**
**NO: 07-343T**

**SENESCO MARINE, LLC,**
**Plaintiff,**

**VS.**

**HUNT MARINE I, LLC,**
**Defendant.**

**DEFENDANT'S OPPOSTION TO PLAINTIFF'S MOTION TO STRIKE ANSWER AND DISMISS ITS COUNTERCLAIM AS RESULT OF FRAUD ON THE COURT**

Now comes the defendant, Hunt Marine I, LLC, in the above-entitled action, by and through its undersigned attorneys, and hereby submits its Opposition to Plaintiff's Motion to Strike Answer and Dismiss its Counterclaim as Result of Fraud On the Court.

**PROCEDURAL POSTURE OF THE CASE**

This matter involves a property damage claim involving damage to piers at Senesco Marine, LLC on April 15-16, 2007. Defendant has counterclaimed against the Plaintiff for damage to two tugs, the tug PATRICK J. HUNT and the tug CHARLENE HUNT, during the incident.

As this Honorable Court may recall, the matter came before this Honorable Court on June 18, 2008 on Defendant's Motion to Strike Defendant's Answer and Dismiss Counterclaim, due to the failure of Kevin Hunt,

the principal officer of Hunt Marine I, LLC, to appear at his deposition. After hearing, this Honorable Court conditionally dismissed the Answer and Counterclaim unless Mr. Hunt appears at his deposition on June 27, 2008 and Defendant pays expenses and counsel fees as a result of the missed depositions. Both of these conditions have been satisfied. The deposition of Kevin Hunt actually took place on June 25, 2008, by agreement of counsel. Further, the penalty in the amount of $4650 was timely paid[1]. **The present motion is not based upon any failure to comply with the Order Conditionally Granting Plaintiff's Motion to Strike, dated June 18, 2008.**

In Defendant's Opposition to Plaintiff's Motion to Strike Defendant's Answer and Counterclaim, Defendant submitted the Affidavit of Kevin Hunt. In the Affidavit, Mr. Hunt stated:

> 10. The failure to appear at the deposition was a mistake on my part due to concern over the condition of my leg and not due to any refusal to appear for a deposition.

It is this statement that the Plaintiff maintains was "false" and that Mr. Hunt "purposefully misled" the court.

---

[1] At the same time as the Motion to Strike the Answer and Counterclaim, Plaintiff also moved for Contempt against surveyor Kevin Clarke. That deposition has also been completed and the Show Cause Hearing was duly cancelled by Plaintiff.

At the deposition of Mr. Hunt on June 25, 2008, the matter of the Affidavit was inquired into by Plaintiff's counsel. Mr. Hunt testified:

> Q. So the real problem here was you thought, because you were groggy, that the deposition was on Tuesday morning?
> A. That correct. But then we had all the trauma over the weekend.
> ….
> Q. Nowhere in Exhibit 2 do you state the real problem, which was you believed it was scheduled for April 15th, right?
> A. Well, you have to understand something. Between having my hand and being in all that pain, and all of a sudden falling, it wasn't a good three or four days for me.
> Q. Okay, understood.
> A. Okay? It was a very—I didn't know which way was up or down. All right? I'm in a lot of trauma, a lot of pain, a lot of—really, you know, just—it was a bad time. I had no reason or no business to miss this….
> …
> Q. The question I asked. In this Affidavit that you prepared you didn't mention the real reason you missed the deposition, which was you had the date wrong. You believed it was the 15th instead of the 14th; is that correct?
> A. That's correct[2].

The Affidavit of Kevin Hunt notes at paragraph 9 and that on the morning of April 14, 2008 he was resting at home and had turned his cellular phone off. During the deposition, he indicates that on the morning of April 14, 2008 he was at home on his couch. He was at home, and not

---

[2] Plaintiff appears to miss-cite to this response in its Memorandum. On page 2 of the Memorandum. Plaintiff states "When presented at his deposition with his May 2nd affidavit and asked whether the affidavit contained the "real reason" he had failed to appear at his April 14, 2008 deposition, Mr. Hunt responded: "correct." In fact, as is apparent, the question indicated that the Affidavit did not contain the real reason, which is very different.

working, due to the effects of the medication he was taking. That was the reason that he had lain on the couch and shut off his phone.

**ARGUMENT**

Plaintiff's argument is based upon the false assumption and allegation that the Affidavit was intentionally misleading to this Honorable Court. This argument is incorrect. The Affidavit stated "The failure to appear at the deposition was a mistake on my part due to the concern over the condition of my leg and not due to any refusal to appear for a deposition." The aforesaid statements in the Affidavit are not an attempt to mislead the court as the Plaintiff now contends. The concern for the condition of his leg was the reason that Mr. Hunt was on the couch resting with his phone off instead of working. In his deposition, he testified that he was in great pain and had sustained great trauma as a result of the fall on the tug CHARLENE HUNT on the previous Saturday. He poorly articulates his condition at his deposition and the answer given as cited by Plaintiff is at its best ambiguous, but is not an attempt to mislead the court. It does not constitute fraud on the court.

The proper starting point to analyze this Motion is *Aoude v. Mobil Oil Corporation, 892 F.2nd 1115 (1st Cir.*

*1989).* That case involved a suit brought by a service station owner against its franchisor seeking to compel Mobil to accept the new purchaser of the station. In his Complaint, Mr. Aoude knowingly included a "bogus" purchase and sale agreement that included an inflated purchase price and had been backdated. *Id. at 1116.* The whole scheme fell apart after several months of discovery when the prior owner's deposition was taken. *Id. at 1117.* As a result, Mobil moved to dismiss the complaint based upon the fraudulent practices of Mr. Aoude[3]. In its decision, the First Circuit Court of Appeals, per Circuit Judge Selya, noted:

> Although dismissal need not be preceded by other, less drastic sanctions, *Farm Constr. Services, Inc. v. Fudge,* 831 F.2d 18, 20 (1st Cir.1987) (per curiam); *Damiani,* 704 F.2d at 15, it is an extreme remedy, and should not lightly be engaged. Thus, a district court may dismiss a case only "when circumstances make such action appropriate," *Link,* 370 U.S. at 633, 82 S.Ct. at 1390, and after "thoughtful consideration of all the factors involved" in a particular case, *Damiani,* 704 F.2d at 17. Because dismissal sounds "the death knell of the lawsuit," district courts must reserve such strong medicine for instances where the defaulting party's misconduct is correspondingly egregious. *Id.; see also D.P. Apparel Corp. v. Roadway Express, Inc.,* 736 F.2d 1, 3 (1st Cir.1984); *Corchado v. Puerto Rico Marine Management, Inc.,* 665 F.2d 410, 413 (1st Cir.1981), *cert. denied,* 459 U.S. 826, 103 S.Ct. 60, 74 L.Ed.2d 63 (1982). In calibrating the scales, the judge should carefully balance the policy favoring

---

[3] There were actually two complaints by this time. New attorneys for Mr. Aoude filed a second suit that made much the same allegations but appended the correct purchase and sale agreement.

> adjudication on the merits with competing policies such as the need to maintain institutional integrity and the desirability of deterring future misconduct. *See HMG Property,* 847 F.2d at 917; *see also National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976) (per curiam).

*Id. at 1118.* The court went on to note that

> A "fraud on the court" occurs where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense.

*Id.* Here, Kevin Hunt did not set in motion some unconscionable scheme calculated to interfere with the judicial system's ability to adjudicate the matter. He gave a reason for missing the deposition that, although ambiguous, did not imply that his actions amounted to egregious conduct. To dismiss the case as requested by the Plaintiff would be an extreme remedy on the facts of this case.

A) **SUBSTANTIVE MISCONDUCT**

The court in *Aoude* refers at length to the type of conduct that would sustain a dismissal for fraud on the court. Defendant herein respectfully submits that there was no fraud on the court in this matter. However, even if the actions of Mr. Hunt in not clearly stating the

reason in the Affidavit, are found to be a "fraud on the court", it would not sustain dismissal in this action because it does not concern the substantive allegations of the suit.

In *Aoude,* the type of conduct that would sustain dismissal is that conduct which constitutes and "unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter…"; the type of conduct which "unfairly hampered the presentation of the opposing party's claim or defense", conduct which "hindered [a party's] ability to prepare and present its case." *Id. at 1118.* Further, in *Hull v. San Juan, 356 F.3rd 98 (1st Cir. 2004),* suggests that a "broader pattern of deceit" could justify dismissal. *Id. at 101.* That case involved misconduct in responding to discovery concerning prior injuries. Plaintiff therein was asked directly in his deposition about prior injuries. After medical record discovery revealed the supporting information, Plaintiff "grudgingly" conceded that his prior responses were incorrect.

There is no similar conduct in the case at bar. Mr. Hunt plainly clarified in his deposition that the real reason he missed the deposition was due to his mistake concerning the rescheduled date. He did not state in his

deposition that the reason stated in the Affidavit was incorrect.

More importantly, the conduct referred to in *Aoude, Hull,* and their progeny, is conduct that goes directly to the substantive allegations the lawsuit. Mr. Aoude knowingly appended to the Complaint an incorrect purchase and sale agreement. Mr. Hull failed to reveal prior injuries that were "patently material." *Hull at 100.* In *AAstra Technologies v. Jones, 2005 WL 3000059 (D.N.H. 2005),* Plaintiff denied in answers to Interrogatories that it had copied certain software. In *Green v. Mayor and City Council, 198 F.R.D. 645*[4] (D.Md. 2001), a high ranking Baltimore Police Officer signed the names to Affidavits in Opposition to Summary Judgment and then notarized the signatures, knowing full well that the signatures were not of affiants.

The alleged misconduct in the matter herein does not go to the substantive allegations in the Complaint. It merely goes to the reason Mr. Hunt failed to appear at this deposition. Defendant was duly sanctioned by this Honorable Court for his failure to appear. The deposition has been taken and the financial sanction paid in full. Nothing in the Affidavit affected the ability of this

---

[4] Plaintiff miss-cites the case as 98 F.R.D. 645.

Honorable Court to impartially adjudicate the matter. Nothing in the Affidavit unfairly hampers the ability of the Plaintiff to present its case. Nothing in the Affidavit affects the ability of the Plaintiff to prepare its case.

Plaintiff's allegations do not prove by clear and convincing evidence that Mr. Hunt engaged in any substantive misconduct that will hamper the Plaintiff's preparation and defense of the case or affected the ability of this Honorable Court to equitably adjudicate this matter. Accordingly, this Honorable Court should deny Plaintiff's Motion.

B) **ATTORNEY FEES AND COSTS**

In addition to striking the Defendant's Answer and dismissing the Counterclaim, Plaintiff seeks an award costs and attorney fees. Based upon the above arguments, Defendant prays this Honorable Court deny the request because Defendant did not engage in a fraud on the court and/or has not engaged in any substantive misconduct.

This is not a case, as before, where Plaintiff incurred any cost or expense as a result of the alleged misconduct. The deposition of Mr. Hunt did proceed in compliance with this Honorable Court's Order. The deposition lasted over five (5) hours. It commenced at

11:30AM and concluded at 4:37PM. The Plaintiff clearly would have incurred this expense regardless of what was contained in the Affidavit. Plaintiff's counsel would have traveled to Rhode Island to take the deposition.

WHEREFORE, DEFENDANT prays this Honorable Court deny Plaintiff's Motion to Strike Answer and Dismiss its Counterclaim as Result of Fraud on the Court.

Respectfully submitted,

**CLINTON & MUZYKA, P.C.**

_**"/s/Robert E. Collins"**
**Robert E. Collins**
**BBO NO. 2951**
One Washington Mall
Suite 1400
Boston, MA 02108
(617) 723-9165

**CERTIFICATION**

The undersigned hereby certifies that I have electronically filed the above document on the 28th day of July, 2008.

Notice will be electronically mailed to:

Jeffrey P. Finan jpf@finangrourke.com

Gino A. Zonghetti gzonghetti@kszlaw.com

_"/S/Robert E. Collins"_