UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

------------------------------------X
Senesco Marine, LLC,

Plaintiff, C.A. No. 07-343T

-against-

Hunt Marine I, LLC,

Defendant.

------------------------------------X

# REPLY MEMORANDUM OF SENESCO MARINE, LLC

Gino A. Zonghetti
Of Counsel

## INTRODUCTION

Defendant/counterclaim plaintiff Hunt Marine I, LLC ("Hunt Marine") responds to Senesco Marine, LLC's ("Senesco") motion to strike Hunt Marine's answer and dismiss it's counterclaim as a result of the false affidavit submitted by Hunt Marine's principal, Kevin Hunt by arguing, weakly, Kevin Hunt's affidavit was not intentionally misleading and that the sanctions sought are too harsh since the false affidavit does not concern the substance and/or merits of the dispute set forth in the complaint, answer and counterclaim, but only Mr. Hunt's failure to comply with his discovery obligations. The opposition papers of Hunt Marine, which include neither an attorney's affidavit nor an affidavit of Kevin Hunt, do not set forth any valid basis for denying Senesco's motion.

## ARGUMENT

Hunt Marine concedes in its opposition papers that Kevin Hunt stated in the affidavit he submitted in opposition the Senesco's first motion to strike Hunt Marine's answer and dismiss its counterclaim that he failed to appear at his deposition scheduled for Monday, April 14, 2008 (i.e. the second deposition he missed) due to "concern over the condition of [his leg]," which he supposedly injured on Saturday, April 12, 2008 (See Defendant's Opposition, p. 2). Hunt Marine next acknowledges Kevin Hunt testified at his

deposition that the "real" reason he missed the April 14th deposition was because he believed his lawyer informed him on April 10th[1] that the deposition he had missed that day had been rescheduled for Tuesday, April 15th and not Monday, April 14th (Defendant's Opposition, p. 3). Finally, Hunt Marine cites to Kevin Hunt's deposition testimony in which he admitted that in the affidavit he submitted to the Court, he "didn't mention the real reason [he] missed the deposition, which was [he] had the date wrong. [He] believed it was the 15th instead of the 14th ..." (*Ibid.*).

Accordingly, as per Kevin Hunt's deposition testimony, the real reason he failed to appear for his April 14th deposition was because on April 10th when he was informed by his attorney of the next date that had been scheduled for his deposition, he mistakenly believed it was scheduled for April 15th. This "real reason" had nothing to do with his leg injury, which supposedly occurred two days later. The explanation set forth in Kevin Hunt's affidavit, in which he clearly attempted to blame a supposed injury to his leg that occurred on April 12th as the reason for his having missed the April 14th deposition, as Mr. Hunt admitted at his deposition, was simply not true. It can be reasonably inferred Mr. Hunt provided a misleading and

---

[1] Kevin Hunt made it clear at his deposition that it was on Thursday, April 12th he was led to believe his deposition was re-scheduled for Tuesday, April 15th, and that mistaken belief never changed, and was the reason he missed the April 14th deposition (See the transcript of Kevin Hunt's June 25, 2008 Deposition, pp. 80-81

untrue "medical" reason for missing the April 14th deposition because he believed the Court would be more inclined to deny Senesco's motion to strike/dismiss if a health issue was raised as an excuse. Under these circumstances, it can not be seriously questioned but that Kevin Hunt in fact intentionally sought to mislead the Court by the filing of a false affidavit.

That the fraud on the Court by Mr. Hunt was not with respect to an aspect of the substance of Hunt Marine's claims or defense in no way mitigates Kevin Hunt's conduct, nor does it stand in the way of the relief sought – an order striking Hunt Marine's complaint and dismissing its counterclaim. In *Green v. Mayor and City Council of Baltimore,* 98 F.R.D. 645 (D.Md.,2001) the court dismissed plaintiff's law suit where plaintiff falsely notarized affidavits although claiming he had been given authority to sign and notarized affidavits by the affiants. The court held the affidavits were false despite the purported authorization given to plaintiff to execute them because they were falsely represented as setting forth the original signatures of the affiants without any indication of agency and because they were falsely notarized by plaintiff, with a false statement that the affidavits had been sworn to before the plaintiff although they had not been. The fraud perpetrated by plaintiff was not with respect to the merits or substance of his case. The court held it was empowered to dismiss the complaint pursuant to the inherent authority of the court to act so as to uphold the integrity of the judicial process. Further, the court noted that once plaintiff "fatally infected" his own case by fraud, he must suffer the consequences.

Surely Kevin Hunt's false statement contained in his affidavit designed to mislead the court into denying a motion to strike a party's answer and dismiss its counterclaim represented an attempted to defraud the court provides sufficient grounds for entry of an order striking Hunt Marine's answer and dismissing its counterclaim. Kevin Hunt chose to infect his case with fraud when he made the conscious decision to mislead the Court as to the reasons he failed to appear at his second deposition, with the hope such false reasons would convince the Court to deny Senesco's motion. Mr. Hunt surely cannot be heard to complain entry of an order striking Hunt Marine's answer and dismissing its counterclaim is too harsh a sanction. Hunt Marine's argument, if successful, would serve only to embolden litigants into playing fast and loose with the truth with no fear of suffering any effective sanction.

## CONCLUSION

Senesco's motion for entry of an order striking the answer of Hunt Marine and dismissing its counterclaim as a result of Kevin Hunt's fraud on the Court should be granted.

Dated: August 5, 2008

"/s/ Gino A. Zonghetti"
**Gino A. Zonghetti**
(GAZ-2647)
26 Broadway
New York, New York 10004
(212) 422-6111

Finan & Grourke
24 Spring Street
Pawtucket, RI 02860
(401) 723-6800

To: Robert Collins, Esq.
Clinton & Muzyka, P.C.
One Washington Mall, Suite 1400
Boston, MA 02108
(617) 723-9165